## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

SOLIDFIRE, INC., a Delaware corporation,

    Plaintiff,

v.

NEOBITS, INC.

    Defendant.

---

## COMPLAINT AND JURY DEMAND
---

Plaintiff SolidFire, Inc. ("SolidFire"), by and through its attorneys, Kutak Rock LLP, and for its Complaint and Jury Demand against Neobits, Inc. ("Neobits" or "Defendant"), states and alleges as follows:

### PARTIES

1. SolidFire is a Delaware corporation with its principal place of business at 1600 Pearl Street, Boulder, Colorado 80302.

2. Upon information and belief, Neobits is a California corporation with its principal place of business at 505 W. Olive Ave., Suite 315, Sunnyvale, CA 94086.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1367 as this action includes a claim for relief under 15 U.S.C. §§ 1114 and 1125(a) and thus raises a federal question.

4. This Court has personal jurisdiction over Neobits because Neobits transacts business and/or offers to transact business within this judicial district (directly or through intermediaries) and because SolidFire is being damaged in the State of Colorado.

5. Neobits expected or should have reasonably expected its wrongful conduct to have consequences in the state of Colorado.

6. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391 because Neobits transacts business within this District and because Neobits's wrongful and infringing conduct has occurred and is occurring within the District of Colorado.

## GENERAL ALLEGATIONS

7. SolidFire is a company based in Boulder, Colorado that develops and manufactures flash-based storage systems.

8. SolidFire's products are extremely sophisticated and primarily intended for use by business enterprises.

9. SolidFire's products may only be purchased directly from SolidFire or from a certified SolidFire distributor.

10. SolidFire rigorously screens any potential distributor to ensure that the company meets or exceeds SolidFire's high standards for professionalism, product support and customer service.

11. Once the distributor becomes certified, the distributor is obligated to comply with SolidFire's procedures and requirements in order to maintain their certification.

12. Among other things, certified distributors are prohibited from selling any SolidFire product without an accompanying product license.

13. One of the terms in the product license that accompanies all SolidFire products is an express prohibition on re-selling the product without SolidFire's prior consent and authorization.

14. Certified SolidFire distributors also have the exclusive right to offer customers any and all warranties offered by SolidFire to cover the products offered for sale.

15. SolidFire is the owner of two U.S. Trademark Registrations for the mark SOLIDFIRE®.

16. SolidFire is the owner of U.S. Trademark Registration No. 4,071,617 for the mark SOLIDFIRE®, registered on December 13, 2011, for "computer hardware for high-speed processing and storage of data using multiple CPU's; computer software for the collection, editing, organizing, modifying, book marking, transmission, storage and sharing of data and information; computer storage devices, namely, high-speed storage subsystems for storage and backup of electronic data either locally or via a telecommunications network." SolidFire first used this mark in connection with these goods and services at least as early as September 2011.

17. A true and accurate copy of SolidFire's U.S. Trademark Registration No. 4,071,617 is attached as **Exhibit 1**, which is incorporated herein by reference.

18. SolidFire is the owner of U.S. Trademark Registration No. 4,374,998 for the mark SOLIDFIRE®, registered on July 30, 2013, for among other things "electronic storage of data, storage services for archiving databases, images and other electronic data; providing information via local and global computer networks in the field of electronic storage networks and intelligent

storage systems." SolidFire first used this mark in connection with these goods and services at least as early as May 9, 2011.

19. A true and accurate copy of SolidFire's U.S. Trademark Registration No. 4,374,998 is attached as **Exhibit 2**, which is incorporated herein by reference.

20. As a result of SolidFire high business standards, there is a strong affiliation between the SOLIDFIRE® trademark and SolidFire's excellent reputation among customers and industry good will.

21. In early 2015, it came to SolidFire's attention that Neobits was purportedly offering for sale on its website (www.Neobits.com) one or more SolidFire products, including the SOLIDFIRE NODE SF2405 2.4TB WITH 10 240GB.

22. A true and correct screenshot of the Neobits website describing the purported SolidFire product offering is attached hereto as **Exhibit 3** (http://shop.neobits.com/solidfire_sf2405_r620_node_sf2405_2_4tb_with_10_240gb_1037028265.php) (last visited April 15, 2015).

23. Neobits is not a certified distributor of SolidFire products.

24. Neobits did not request, and SolidFire did not provide, authorization for Neobits to sell or offer for sale any SolidFire product or to use SolidFire's registered trademark SOLIDFIRE®.

25. Upon information and belief, Neobits is not in possession of any SolidFire product that it can sell to any interested customer. Instead, Neobits re-directs any customer that expresses interest in a SolidFire product to a different product sold by Neobits.

26. At a minimum, Neobits offers for sale a purported SOLIDFIRE® product that is materially different than the products offered by SolidFire and its certified distributors as it is not sold with the same warranty protection coverage offered exclusively by SolidFire.

27. On February 9, 2015, SolidFire contacted Neobits and demanded that Neobits immediately remove from its website any reference to any SolidFire product and cease its unauthorized use of the SOLIDFIRE® trademark.

28. Neobits did not respond to SolidFire's letter.

29. As of the filing of this Complaint, Neobits had not removed from its website the references to SolidFire products or ceased use of SolidFire's registered trademark SOLIDFIRE®.

30. Neobits's use of the SOLIDFIRE® mark to offer purported SolidFire products it is not authorized to distribute infringes SolidFire's federally registered SOLIDFIRE® trademark and constitutes unfair competition and deceptive trade practices under Colorado law.

31. Neobits's actions are likely to cause confusion, mistake or deception as to the source or origin of the products and services it sells pursuant to its infringing use of the SOLIDFIRE® mark.

32. Neobits's actions are likely to falsely suggest a sponsorship, connection, association, or license arrangement with SolidFire, thereby injuring SolidFire and the public.

33. Neobits's use of SolidFire's federally registered SOLIDFIRE® mark in connection with the offering of products and services has irreparably injured and, if permitted to continue, will irreparably injure SolidFire.

34. Neobits's actions have caused actual confusion in the marketplace as SolidFire has received communications from customers and partners voicing confusion as to the affiliation between the Neobits offering and SolidFire's own offerings to its customers via its distributors.

35. Neobits's offering of at least one purported SolidFire product at a price not approved by SolidFire has diluted the market for SolidFire's products and damaged SolidFire and its authorized distributors.

36. By purporting to sell at least one SolidFire product without complying with SolidFire's terms and conditions for its distributors, Neobits has harmed SolidFire's reputation and its goodwill in its SOLIDFIRE® mark.

37. SolidFire has no adequate remedy at law.

## FIRST CAUSE OF ACTION
**(Trademark Infringement in Violation of the Lanham Act (15 U.S.C. §1114))**

38. SolidFire hereby incorporates paragraphs 1 through 37 above as if fully set forth herein.

39. Neobits's use of a reproduction, counterfeit, copy, or colorable imitation of the SOLIDFIRE® trademark in connection with the sale, offering for sale, distribution, or advertising of one or more products on its website is likely to cause confusion, mistake, or deception in potential purchasers and others.

40. Among other things, such potential purchasers and others would be led to mistakenly believe that Neobits and its offered product(s) are affiliated with, sponsored by, or connected with SolidFire.

41. The product(s) offered by Neobits are materially different from those offered by SolidFire and its certified distributors.

42. Neobits's use of the SOLIDFIRE® trademark is without SolidFire's consent, authorization, or permission.

43. Neobits's use of the SOLIDFIRE® trademark constitutes willful, intentional, knowing, and bad faith trademark infringement of SolidFire's SOLIDFIRE® trademark in violation of 15 U.S.C. § 1114(1).

44. Neobits's unlawful actions have caused irreparable injury and commercial harm to SolidFire.

45. SolidFire also seeks all applicable treble and/or statutory damages and other remedies available pursuant to 15 U.S.C. § 1117 as Neobits's conduct constitutes use of a counterfeit mark.

46. SolidFire also seeks injunctive relief against Neobits. Unless Neobits's unlawful actions are enjoined by this Court, SolidFire will continue to be irreparably injured and suffer commercial harm.

47. SolidFire is without an adequate remedy at law.

## SECOND CAUSE OF ACTION
**(Unfair Competition in Violation of Lanham Act (15 U.S.C. §1125(a))**

48. SolidFire hereby incorporates paragraphs 1 through 47 above as if fully set forth herein.

49. In connection with its promotion and offer for sale of at least one product on its website, Neobits has used in commerce the SOLIDFIRE® mark and the description of a product exclusively offered by SolidFire, the SOLIDFIRE NODE SF2405 2.4TB WITH 10 240GB, to convey a false designation of origin and/or false or misleading description or representation of fact.

50. Neobits's actions have and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Neobits and SolidFire, or as to the origin, sponsorship, or approval of Neobits's goods, services, or commercial activities by SolidFire.

51. In commercial advertising or promotion, Neobits has misrepresented the nature, characteristics, qualities, or geographic origin of its goods, services, or commercial activities by holding itself out as possessing authorization to sell SolidFire products.

52. Neobits's unauthorized actions constitute unfair competition in a knowing, willful, intentional, and bad faith violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53. Neobits's unlawful actions have caused irreparable injury and commercial harm to SolidFire.

54. SolidFire also seeks injunctive relief against Neobits. Unless Neobits's unlawful actions are enjoined by this Court, SolidFire will continue to be irreparably injured and suffer commercial harm.

55. SolidFire has no adequate remedy at law.

## THIRD CAUSE OF ACTION
### (Violation of Colorado Consumer Protection Act
### Colo. Rev. Stat. § 6-1-101, *et seq.*)

56. SolidFire hereby incorporates paragraphs 1 through 55 above as if fully set forth herein.

57. In the course of its business, Neobits is passing off its products and services as produced by, affiliated with, sponsored by, or licensed by SolidFire.

58. Neobits's use of the SOLIDFIRE® mark and product description falsely represents the source, sponsorship, and/or approval of a product offered on the Neobits website.

59. Neobits's actions have caused and are likely to cause confusion with the established and superior rights of SolidFire, causing consumers familiar with the SOLIDFIRE® mark to be deceived or confused as to the source of the goods, and allowing Neobits to otherwise unfairly compete with SolidFire.

60. Neobits's deceptive trade practices have had and will continue to have a direct and significant negative impact on the public as actual and potential consumers of SolidFire's products.

61. Neobits's actions described above constitute deceptive trade practices in violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-105.

62. The unfair or deceptive trade practices engaged in by Neobits occurred in the course of Neobits's business, vocation, or occupation and were committed with willful and wanton disregard for SolidFire's rights.

63. Neobits's unfair or deceptive trade practice has caused SolidFire injury in an amount to be determined at trial.

64. SolidFire also seeks injunctive relief against Neobits. Unless Neobits's unlawful actions are enjoined by this Court, SolidFire will continue to be irreparably injured and suffer commercial harm.

65. SolidFire has no adequate remedy at law.

## FOURTH CAUSE OF ACTION
### (Unfair Competition, Colorado Common Law)

66. SolidFire incorporates by reference the allegations contained in paragraphs 1 through 65 as if fully repeated and restated herein.

67. Neobits has engaged in the tort of unfair competition under Colorado law by purportedly offering SolidFire's products for sale without authorization from SolidFire.

68. Neobits also unfairly misappropriated and exploited SolidFire's business values, including without limitation, its goodwill in the marketplace and the skill and labor of SolidFire related to the creation and promotion of its products.

69. Neobits's conduct has and is likely to deceive or confuse the public because it gives the public the false impression that Neobits is a certified distributor of SolidFire products or otherwise has the authorization to offer SolidFire products for sale.

70. Neobits's conduct is also likely to deceive or confuse the public because it gives the public the false impression that Neobits has SolidFire products for sale. Upon information and belief, once a potential customer expresses interest in a SolidFire product, then Neobits re-directs the potential customer to a different product.

71. Neobits's conduct also dilutes SolidFire's ability to sell its products in the market as Neobits's offering creates confusion among partners and customers as to the market value of the SolidFire products.

72. Neobits's tortious conduct has caused SolidFire injury in an amount to be determined at trial.

73.     SolidFire also seeks injunctive relief against Neobits.  Unless Neobits's unlawful actions are enjoined by this Court, SolidFire will continue to be irreparably injured and suffer commercial harm.

74.     SolidFire has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SolidFire, Inc. prays that judgment be entered in its favor and against Defendant Neobits, Inc. on each and every claim asserted herein, and that it be awarded the following relief:

a.    Monetary damages, including special damages, in an amount to be calculated at trial;

b.    All relief provided for pursuant to 15 U.S.C. § 1117(a);

c.    Injunctive relief, including preliminary injunctive relief as needed;

d.    All applicable statutory penalties, including without limitation treble and/or statutory damages applicable to use of a counterfeit mark pursuant to 15 U.S.C. § 1117 (b) and (c);

e.    Pre-judgment interest;

f.    Post-judgment interest; and

g.    Litigation costs and expenses, including reasonable attorneys' fees; and

h.    Any such further preliminary or permanent relief, including equitable relief, as this Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff SolidFire, Inc. demands a jury trial on all issues so triable.

Respectfully submitted this 17th day of April, 2015.

        KUTAK ROCK LLP

        *s/ Chad T. Nitta*
        Chad T. Nitta
        Blair E. Kanis
        1801 California St., Suite 3000
        Denver, CO 80202
        Tel:  303-297-2400
        Fax:  303-292-7799
        chad.nitta@kutakrock.com
        blair.kanis@kutakrock.com

        ATTORNEYS FOR PLAINTIFF